972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ted Wayne MILLICAN, Defendant-Appellant.
 No. 92-50000.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ted Millican appeals from his sentence, imposed following a guilty plea, for one count of conspiracy to manufacture and distribute amphetamine, in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute amphetamine, in violation of 21 U.S.C. § 841(a)(1). Millican contends that the district court erred in its calculation of his base offense level under the United States Sentencing Guidelines because it included the amount of amphetamine that could have been produced in Millican's codefendant's laboratory. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's application of the Sentencing Guidelines, and for clear error its underlying factual findings. United States v. Koenig, 952 F.2d 267, 271 (9th Cir.1991).
 
 
 4
 The Guidelines instruct the district court to calculate a defendant's offense level on the basis of "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable...." U.S.S.G. § 1B1.3(a)(1). The Application Notes further state:
 
 
 5
 In the case of criminal activity undertaken with others, whether or not charged as a conspiracy, the conduct for which the defendant "would be otherwise accountable" also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant.
 
 
 6
 U.S.S.G. § 1B1.3, comment. (n. 1). When a defendant is convicted of conspiracy to manufacture a controlled substance, his sentence "can properly reflect the quantity of substances deemed to be part of the conspiracy." United States v. Aichele, 941 F.2d 761, 766 (9th Cir.1991) (defendant convicted of conspiracy to manufacture methamphetamine properly held accountable for coconspirator's possession of manufacturing chemical). Further, "[t]he district court [is] bound to apply an offense level 'as if the object of the conspiracy ... had been completed.' " Id. (quoting U.S.S.G. § 2D1.4(a)).
 
 
 7
 Here, Millican pleaded guilty to conspiracy to manufacture and distribute amphetamine, and concedes the following facts underlying his conviction. On two separate occasions, Millican's codefendant, David Wheaton, offered to give him five pounds of amphetamine in return for a 55-gallon barrel of ethylphenyl acetate (EPA), a chemical used in the manufacture of amphetamine. Millican obtained the barrels of EPA from a confidential government informant (CI) and delivered them to Wheaton, "suspecting" that Wheaton would use the chemicals to manufacture amphetamine. Millican received a total of ten pounds of amphetamine from Wheaton, and also distributed one pound of amphetamine to the CI on two separate occasions.
 
 
 8
 The district court further found that Millican had agreed to manufacture amphetamine and stated:
 
 
 9
 I do not see how a defendant pleading guilty to conspiracy and agreeing, as [Millican] has agreed, to what was furnished here can say that it is not reasonably foreseeable that Mr. Wheaton was going to manufacture and do so in the quantities which have reasonably been calculated here.
 
 
 10
 (RT 11/25/91 at 31). Consequently, pursuant to U.S.S.G. § 1B1.3, it based Millican's offense level on the amount of amphetamine that Wheaton could have produced from the chemicals at the lab and the EPA he received from Millican, in addition to the two pounds of amphetamine Millican actually distributed to the CI.
 
 
 11
 Despite his guilty plea, Millican contests the district court's factual finding that he conspired to manufacture amphetamine. He argues that although he pleaded guilty to conspiracy to manufacture and distribute amphetamine, he in fact was guilty only of conspiring to distribute the drug, and his guilty plea did not constitute admission of an agreement to manufacture. Consequently, he argues that although Wheaton's manufacture of amphetamine was "foreseeable," it was not foreseeable "in connection with the criminal activity [he] agreed to jointly undertake" and did not fall within the meaning of section 1B1.3. This contention lacks merit.
 
 
 12
 Millican pleaded guilty to conspiracy to manufacture as well as distribute amphetamine. By providing a necessary chemical, he took an affirmative step to further the manufacturing aim of the conspiracy. Regardless of whether he intended to participate any further in the actual manufacturing process, the manufacture was clearly foreseeable and relevant to his criminal conduct within the meaning of section 1B1.3. See Aichele, 941 F.2d at 766. The district court correctly calculated the offense level.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government states that the district court neglected to include in its calculation additional amounts of amphetamine and EPA attributable to Millican, but that these amounts would not have affected the offense level. As this contention does not affect our decision, we decline to consider it